837 F.2d 1097
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cynthia MARTINELLI, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 87-3490.
 United States Court of Appeals, Federal Circuit.
 Dec. 21, 1987.
 
 Before FRIEDMAN, EDWARD S. SMITH, and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 The decision of the Merit Systems Protection Board (Board) in docket number AT07528710094, affirming the United States Postal Service's removal of the petitioner for falsification of an official document, is affirmed. The motion of the petitioner to transfer this case to the United States District Court for the Southern District of Florida is denied.
 
 OPINION
 
 2
 * The pertinent facts, as found by the Board's administrative judge, are not in dispute. The Postal Service proposed to reassign the petitioner, because of her medical conditions, from her work as a carrier to work in the clerk unit. The petitioner instead sought to be reassigned to light or limited duty. A Postal Service official explained to her that
 
 
 3
 in order to consider her for light duty, he would need a statement from her doctor setting forth her specific limitations and prognosis. He gave her a form CA-17 to be completed by her doctor. As he was going on leave the following afternoon, he told her to return it the following morning if she could.
 
 
 4
 Appellant testified that she took the forms--two copies of the CA-17--to her doctor, Dr. Friedman, and apologized for bringing them since he had already been given a CA-17 to complete. The next day she received in the mail a CA-17 signed by Dr. Friedman. When she saw that it was not filled in entirely, she made some additions before turning it in because she knew Mr. Corbett wanted a fully completed form. Specifically, she admits that, in item 10 which the doctor had left blank, she checked no in response to the question of whether she could perform her regular work. She also checked that she could work full-time. On item 11 regarding limitations for light duty, she added the words " & stress" to the statement "attempt to avoid extremes in terms of heat." While admitting the alterations, she argues that they did not materially change the content of the CA-17.
 
 
 5
 After a hearing, the administrative judge upheld the removal. The administrative judge found that "[i]n light of her admission that she knowingly altered the CA-17 ... the agency has proven the charge of falsification by the requisite preponderant evidence." The administrative judge noted that in 1984 the removal of the petitioner had been proposed for another falsification of an official document and "she testified that she was made aware at that time that falsification is considered a most serious infraction by the agency. Thus, she had to have known, for whatever reason she did it, that what she did was wrong." The administrative judge also held that the petitioner "has failed to prove by the requisite preponderant evidence that the agency committed any procedural error, let alone any harmful procedural error."
 
 
 6
 Finally, the administrative judge ruled that since the petitioner had "committed a serious offense" and had previously been disciplined for falsifying another official document--"falsifying the signature of an addressee to whom she had not delivered a certified piece of mail,"--"removal was a reasonable penalty which promoted the efficiency of the service."
 
 
 7
 The full Board denied the petitioner's petition for review of the initial decision of the administrative judge, which thereupon became the decision of the Board.
 
 II
 
 8
 A. With the single exception noted below, all of the petitioner's contentions were fully addressed and properly rejected by the administrative judge in her comprehensive opinion. We affirm the decision of the Board on the basis of that opinion.
 
 
 9
 The petitioner also contends that the Board improperly refused to review the decision of the administrative judge. She has not established, however, that the Board abused its discretion or committed other legal error in denying review.
 
 
 10
 B. The petitioner also has moved to transfer this case to the United States District Court for the Southern District of Florida, where she has filed a complaint challenging her removal. She contends that her removal was a reprisal by her supervisor for her having filed a workmen's compensation claim, which she apparently views as making her case "a mixed one" over which only the district court and not this court would have jurisdiction. Williams v. Department of the Army, 715 F.2d 1485, 1491 (Fed.Cir.1983).
 
 
 11
 As the petitioner recognized in her letter to the clerk of this court dated July 23, 1987, however, her "[c]laim of discrimination in the [re]moval of Petitioner in the MSPB case was abandoned as indicated in [th]e transript [sic] of the MSPB hearing, see attachment A." As shown in attachment A, she did so after it was established that her supervisor was not involved in the decision to remove her. Having abandoned her claim of discrimination before the Board, the petitioner is precluded from raising it here. Accordingly, this is not a "mixed" case involving a claim of discrimination over which we would have no jurisdiction.